# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION (DETROIT)

| | |
|---|---|
| I.C., a minor, by and through his natural parent, NASIM CHAUDHRI, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>STOCKX, INC. and STOCKX LLC,<br><br>        Defendants. | Case No. 2:19-cv-12441-VAR-EAS<br><br>Hon. Victoria A. Roberts<br><br>Mag. Elizabeth A. Stafford |
| M.S., a minor, by and through his natural parent, SHULI SHAKARCHI, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>STOCKX, INC. and STOCKX LLC,<br><br>        Defendants. | Case No. 2:19-cv-12761-VAR-EAS<br><br>Hon. Victoria A. Roberts<br><br>Mag. Elizabeth A. Stafford |
| RICHARD HARRINGTON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>STOCKX, INC., and STOCKX LLC,<br><br>        Defendants. | Case No. 2:19-cv-13704-BAF-EAS<br><br>Hon. Bernard A. Friedman<br><br>Mag. Elizabeth A. Stafford |
| SEAN CASEY, individually and on behalf of all others similarly situated, | Case No. 2:20-cv-10077-VAR-DRG |

|  |  |
|---|---|
| Plaintiff,<br><br>v.<br><br>STOCKX LLC,<br><br>Defendant. | Hon. Victoria A. Roberts<br>Mag. David R. Grand |

## DEFENDANTS' MOTION TO CONSOLIDATE
## PURSUANT TO FED. R. CIV. P. 42(a)

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Defendants StockX, Inc. and StockX LLC (collectively, "Defendants" or "StockX"), respectfully move this Court to consolidate the three companion cases of *M.S., a minor, by and through his natural parent, Shuli Shakarchi v. StockX, Inc. & StockX LLC*, Case No. 2:19-cv-12761-VAR-EAS (E.D. Mich.) ("Shakarchi Action"); *Richard Harrington, individually and on behalf of all others similarly situated v. StockX, Inc. & StockX LLC*, Case No. 2:19-cv-13704-BAF-EAS (E.D. Mich.) ("Harrington Action"); and *Sean Casey, individually and on behalf of all others similarly situated v. StockX LLC*, Case No. 2:20-cv-10077-VAR-DRG (E.D. Mich.) ("Casey Action"),  with the first-filed case of *I.C., a minor, by and through his natural parent, Nasim Chaudhri v. StockX, Inc., et al.*, Case No. 2:19-cv-12441-VAR-EAS (E.D. Mich.) ("Chaudhri Action") (collectively, hereinafter the

"Actions").[1,2]  In support of this motion, StockX relies upon the facts, authority and arguments set forth in the accompanying Brief in Support.

In accordance with Local Rule 7.1(a), David Poell, counsel for StockX has conferred with the attorneys of record for each of the Actions, explained the nature of the relief to be sought by way of this motion and its legal basis.  Counsel for plaintiffs in the Shakarchi Action, Harrington Action, and Casey Action have each stated that they have no opposition to consolidation.  Counsel for plaintiff in the Chaudhri Action, Sharon Almonrode, stated that she does not oppose consolidation with respect to discovery only.

WHEREFORE, Defendants respectfully request that this Court enter an Order: (i) consolidating the Shakarchi Action (Case No. 2:19-cv-12761-VAR-EAS), the Harrington Action (Case No. 2:19-cv-13704-BAF-EAS), and the Casey Action (Case No. 2:20-cv-10077-VAR-DRG), with the first-filed Chaudhri Action (Case No. 2:19-cv-12441-VAR-EAS) pursuant to Fed. R. Civ. P. 42(a); (ii) creating a master docket for this litigation under the caption *In re StockX Customer Data Security Breach Litigation*; and (iii) granting any additional relief this Court deems necessary to effectuate the consolidation and/or transfer to this Court's master

---

[1]  True and correct copies of the Complaints in the Actions are attached hereto as Group Exhibit 1.

[2] StockX has contemporaneously filed notices of the instant motion in the Shakarchi Action, Harrington Action, and Casey Action as required by Local Rule 42.1(a)(2).

docket any subsequent actions filed against StockX that arise out of the 2019 Data

Breach that forms the subject of this litigation.

Respectfully submitted,

*s/ Jeffrey B. Morganroth*
Jeffrey B. Morganroth (P41670)
Jeffrey M. Thomson (P72202)
MORGANROTH & MORGANROTH,
PLLC
344 North Old Woodward Ave.
Suite 200
Birmingham, MI 48009
Tel: 248.864.4000
jmorganroth@morganrothlaw.com
jthomson@morganrothlaw.com

Kari M. Rollins
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone:  212.634.3077
Fax:  917.438.6173
krollins@sheppardmullin.com

David M. Poell
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
70 West Madison Street, 48th Floor
Chicago, IL 60602
Telephone: 312.499.6300
Fax: 312.499.6301
dpoell@sheppardmullin.com

*Counsel for Defendants*

Dated: January 24, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION (DETROIT)

| | |
|---|---|
| I.C., a minor, by and through his natural parent, NASIM CHAUDHRI, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>STOCKX, INC. and STOCKX LLC,<br><br>        Defendants. | Case No. 2:19-cv-12441-VAR-EAS<br><br>Hon. Victoria A. Roberts<br>Mag. Elizabeth A. Stafford |
| M.S., a minor, by and through his natural parent, SHULI SHAKARCHI, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>STOCKX, INC. and STOCKX LLC,<br><br>        Defendants. | Case No. 2:19-cv-12761-VAR-EAS<br><br>Hon. Victoria A. Roberts<br>Mag. Elizabeth A. Stafford |
| RICHARD HARRINGTON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>STOCKX, INC., and STOCKX LLC,<br><br>        Defendants. | Case No. 2:19-cv-13704-BAF-EAS<br><br>Hon. Bernard A. Friedman<br>Mag. Elizabeth A. Stafford |
| SEAN CASEY, individually and on behalf of all others similarly situated, | Case No. 2:20-cv-10077-VAR-DRG |

Plaintiff,

v.

STOCKX LLC,

Defendant.

Hon. Victoria A. Roberts

Mag. David R. Grand

## **DEFENDANTS' BRIEF IN SUPPORT OF MOTION**
## **TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42(a)**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.......................................................................... ii

STATEMENT OF ISSUE PRESENTED................................................. iii

STATEMENT OF MOST CONTROLLING AUTHORITY ................................. iv

PROCEDURAL POSTURE ...................................................................... 1

    A. The Chaudhri Action ................................................................... 1

    B. The Shakarchi Action ................................................................. 1

    C. The Harrington Action................................................................. 2

    D. The Casey Action ......................................................................... 3

    E. StockX's Motion for Consolidation Under 28 U.S.C. §1407 ........................ 3

DISCUSSION ......................................................................................... 4

    I.    The Actions Should Be Consolidated Under Federal Rule 42(a) ............. 4

CONCLUSION....................................................................................... 8

CERTIFICATE OF SERVICE ............................................................. 10

INDEX OF EXHIBITS......................................................................... 11

# INDEX OF AUTHORITIES

**Cases**

*Advey v. Celotex Corp.*,
  962 F.2d 1177 (6th Cir. 1992) ........................................................ iv, 5

*Banacki v. OneWest Bank, FSB*,
  276 F.R.D. 567 (E.D. Mich. 2011)....................................................5

*Cantrell v. GAF Corp.*,
  999 F.2d 1007 (6th Cir. 1993). .................................................. iv, 4, 5

*Delphi ERISA Litig.*,
  230 F.R.D. 496 (E.D. Mich. 2005)...................................................6, 7

*Gamboa v. Ford Motor Co.*,
  381 F. Supp. 3d 853 (E.D. Mich. 2019) ...................................... 5, 6, 7

*Jeffrey McBride v. StockX LLC*,
  No. 2:19-cv-036785 (E.D. Pa. Aug. 15, 2019)...................................4

*Laura Esquer v. StockX LLC*,
  No. 5:19-cv-05933 (N.D. Cal. Sept. 23, 2019) ..................................4

*Prospect Street Energy, LLC v. Everest Energy Mgmt., LLC*,
  2016  WL 3411813 (E.D. Mich. June 22, 2016)...................................6

*Stemler v. Burke*,
  344 F.2d 393 (6th Cir. 1965)).................................................... iv, 5

*White v. Baxter Healthcare Corp.*,
  2008 WL 5273661 (E.D. Mich. Dec. 17, 2008)................................5, 7

**Rules and Other Authorities**

E.D. Michigan Local Rule 83.11 .........................................................2

Fed. R. Civ. P. 42 .........................................................iii, iv, 4, 5,6, 7, 8

28 U.S.C. § 1407 ...................................................................... 3, 4

## <u>STATEMENT OF ISSUE PRESENTED</u>

1.    Whether the Actions, each of which is a putative class action asserting claims against StockX arising from the same August, 2019 data breach should be consolidated pursuant to Rule 42(a)(2) and Local Rule 42.1 in order to eliminate the risk of inconsistent adjudication and minimize the burden on the parties, witnesses and available judicial resources.

      StockX Answers:   Yes.

      Shakarchi, Harrington and Casey Answer:  Yes.

      Chaudhri Answers:  Yes, but with respect to discovery only.

## <u>STATEMENT OF MOST CONTROLLING AUTHORITY</u>

1.   Fed. R. Civ. P. 42(a)(2);

2.   Local Rule 42.1;

3.   *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (Rule 42(a)(2) empowers a court to consolidate actions involving "a common question of law of fact.");

4.   *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180-1181 (6th Cir. 1992) ("The underlying objective [of consolidation] is to administer the court's business 'with expedition and economy while providing justice to the parties.'"), *quoting* 9 Wright & Miller, Federal Practice and Procedure, § 2381 (1971); and

5.   *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965) ("Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial judge.").

## PROCEDURAL POSTURE

### A. The Chaudhri Action

On August 19, 2019, a putative class action was filed against StockX in this Court and assigned to District Judge Victoria A. Roberts and Magistrate Judge Elizabeth A. Stafford. *See* Chaudhri Action, Dkt. 1.  The Chaudhri Action arises out of a data breach perpetrated against StockX in 2019 by unknown third parties (the "Data Breach"), which the Chaudhri Plaintiff (a minor) attributes to Defendants' alleged "failure to reasonably safeguard Plaintiff's PII as defined herein, failure to reasonably provide timely notification that Plaintiff's PII had been accessed and acquired by an unauthorized third party, and for intentionally and unconscionably deceiving Plaintiff relating to the status, safety, location, access, and protection of Plaintiff's PII."[3] *Id.* ¶ 1.  The Chaudhri Action was brought "on behalf of Plaintiff and those minors similarly situated both across the United States and within their State or Territory of residence." *Id.* ¶ 67.  The Chaudhri Plaintiff seeks to certify a nationwide class defined as "[a]ll minor individuals in the United States whose PII was obtained or maintained by StockX and compromised as a result of the StockX data breach." *Id.* ¶ 69.

---

[3]   As used in the Chaudhri complaint, the acronym "PII" means "personally identifiable information."

### B. The Shakarchi Action

On September 20, 2019, an action similar to the Chaudhri Action was filed in this Court asserting many of the same claims on behalf of an overlapping putative class. *See* Shakarchi Action, Dkt. 1. The Shakarchi Action likewise arises out of the StockX Data Breach, which the Shakarchi Plaintiff (also a minor) attributes to StockX's alleged "failure to use reasonable care to secure and safeguard consumers' personal information, and to timely and accurately disclose to its customers that its information systems were breached." *Id.* ¶ 1. Similar to the Chaudhri Action, the Shakarchi Action seeks to certify a nationwide class comprised of "[a]ll minors in the United States who opened a StockX account prior to August 8, 2019."[4] *Id.* ¶ 69.

Pursuant to E.D. Michigan Local Rule 83.11, on October 3, 2019 the Shakarchi Action was designated as a companion case to the Chaudhri Action and reassigned from the docket of District Judge Bernard A. Friedman and Magistrate Judge Michael J. Hluchaniuk to District Judge Victoria A. Roberts and Magistrate Judge Elizabeth A. Stafford. *See* Shakarchi Action, Dkt. 6.[5]

### C. The Harrington Action

On December 17, 2019, another putative class action arising out of the StockX Data Breach was filed in this District and assigned to District Judge Bernard A.

---

[4] August 8, 2019 is the date on which StockX provided statutorily required notice of the Data Breach to all persons with a StockX account. *See* Shakarchi Action, ¶ 6.
[5] A true and correct copy of the reassignment order is attached hereto as Exhibit 2.

Friedman and Magistrate Judge Elizabeth A. Stafford. *See* Harrington Action, Dkt. 1. As in the Chaudhri and Shakarchi Action, Harrington alleges that "StockX failed to safeguard Plaintiff's Personal information and, as a result, Plaintiff's Personal Information was exposed as part of the Data Breach." *Id.* ¶ 26. The Harrington Action also seeks to certify a nationwide class comprised of "[a]ll persons in the United States (including its Territories and the District of Columbia) whose Personal Information was compromised as a result of the Data Breach." *Id.* ¶ 31.

### D. The Casey Action

The Casey Action, which was initially filed in the Southern District of Florida on August 6, 2019, was the first putative class action filed against StockX arising out of the Data Breach. *See* Casey Action, Dkt. 1. Similar to the other three Actions, the Casey Action alleges that StockX "fail[ed] to secure and safeguard the personally identifiable information ("PII") and credit information that Defendant collected and maintained (collectively, the "Private Information") and for failing to provide timely and adequate notice to Plaintiff and other Class members that their information had been stolen . . . ." *Id.* ¶ 1. Likewise, the Casey Action seeks to certify a nationwide class comprised of "[a]ll individuals whose Private Information was provided to Defendant and compromised in the Data Breach." *Id.* ¶ 42. The Casey Action was transferred to this Court on January 13, 2020 pursuant to a joint stipulation entered

between the parties and assigned to District Judge Victoria A. Roberts and Magistrate Judge Elizabeth A. Stafford, Case No. 2:20-cv-10077-VAR-DRG.

### E. StockX's Motion for Consolidation Under 28 U.S.C. § 1407

The Chaudhri Action, Shakarchi Action, and Casey Action were each stayed pending resolution of a motion for consolidation that StockX filed with the Judicial Panel on Multidistrict Litigation ("JPML"), seeking to centralize all class actions arising out of the data breach in the Eastern District of Michigan, pursuant to 28 U.S.C. § 1407. *See* Chaudhri Action, Dkt. 9 (stayed Sept. 17, 2019); Shakarchi Action, Dkt. 9 (stayed Oct. 8, 2019); Casey Action, Dkt. 9 (stayed Aug. 28, 2019).[6] On December 18, 2019, the JPML denied StockX's motion for centralization of all the Data Breach actions in this Court on the principal basis that, at the time, only five related cases against StockX had been filed. *See* Exhibit 3, at p.1. Despite the denial of StockX's motion under Section 1407, the JPML's Order noted "the options available to the parties and the courts – including agreeing to proceed in a single forum via Section 1404 transfer of all cases or other cooperative arrangements . . . ." *Id.* at p.2.[7]

---

[6] The Harrington Action was not filed until December 17, 2019, so no motion to stay that case was necessary.

[7] As of this filing, there are only two actions against StockX that are not pending in this Court. *See Laura Esquer v. StockX LLC*, No. 5:19-cv-05933 (N.D. Cal. filed Sept. 23, 2019); *Jeffrey McBride v. StockX LLC*, No. 2:19-cv-036785 (E.D. Pa. Aug. 15, 2019). StockX intends to file motions to transfer the Esquer Action and the

## DISCUSSION

### I.   THE ACTIONS SHOULD BE CONSOLIDATED UNDER FEDERAL RULE 42(a).

Federal Rule 42(a)(2) empowers a court to consolidate actions involving "a common question of law of fact." Fed. R. Civ. P. 42(a)(2); *see also Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).  This Court has stated that the "objective of consolidation is to administer the court's business with expedition and economy while providing justice to the parties." *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 866 (E.D. Mich. 2019) (citing *Advey v. Celotex Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992)). "Once the threshold requirement of establishing a common question of law or fact is met, the decision to consolidate rests in the sound discretion of the district court." *Id.* (citing *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965)).

The Sixth Circuit has "identified several factors that a trial court should consider in deciding whether or not to consolidate separate lawsuits for trial, including: 1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudication of common factual and legal issues; 2) the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits; 3) the length of time required to conclude multiple suits as against a single one; and 4) the relative expense to all concerned of the single-trial,

---

McBride Action to the Eastern District of Michigan contemporaneously with this Motion to Consolidate so they can also be consolidated before Judge Roberts.

multiple trial alternatives." *White v. Baxter Healthcare Corp.*, 2008 WL 5273661, at

*1 (E.D. Mich. Dec. 17, 2008) (citing *Cantrell*, 999 F.2d at 1011); *see also Gamboa*,

381 F. Supp. 3d at 866 ("The court weighs the interests of judicial economy against

the potential for new delays, expense, confusion or prejudice.") (citing *Banacki v.*

*OneWest Bank, FSB*, 276 F.R.D. 567, 571 (E.D. Mich. 2011)).   This is a

quintessential situation in which consolidation pursuant to Rule 42(a) is warranted

to avoid a situation where StockX is forced to defend multiple suits without

coordinated case management procedures.

Here, the Actions each allege that StockX acted negligently with respect to

safeguarding the personal information of the plaintiffs and putative class members.

It is undisputed that all four Actions arise out of the same Data Breach perpetrated

against StockX and about which StockX notified its customers in early August,

2019.  Each putative class representative contends that StockX may be held liable

under theories of negligence, negligence per se, and violations of various state

consumer protection statutes as a result of the Data Breach.  And each Action seeks

to certify a nationwide class action comprised of individuals whose account

information was allegedly compromised in the Data Breach.  "The pending actions,

therefore, involve common questions of law and fact." *In re Delphi ERISA Litig.*,

230 F.R.D. 496, 498 (E.D. Mich. 2005) (granting Rule 42(a) motion to consolidate

putative class actions alleging "that the same or similar Defendants breached their

fiduciary duties" to plaintiffs during the same or similar period); *see also Prospect Street Energy, LLC v. Everest Energy Mgmt., LLC*, 2016 WL 3411813, at *1 (E.D. Mich. June 22, 2016) (granting motion to consolidate under Rule 42(a) "all three cases [that] are based on the same sequence of events, and contain identical issues of fact and law"); *Gamboa*, 381 F. Supp. 3d at 867 (consolidating actions and holding "[c]ommonality of law and facts exist" where all plaintiffs in putative class actions "argue that they have been harmed by Ford in the same manner, and request the same relief"). StockX thus satisfies the threshold showing of commonality.

Further, "[t]he Court has a legitimate interest in judicial economy here that is not outweighed by potential prejudice." *Gamboa*, 381 F. Supp. 3d at 867. No prejudice will result from consolidation of the Actions. All four Actions are pending in this Court, and three of those actions have already been assigned to Judge Roberts.[8] And all four Actions will involve the same key witnesses who will testify about StockX's data security practices and the events surrounding the Data Breach. Consolidation will allow for uniform case management, discovery deadlines, and briefing schedules, and consistent adjudication of pre-trial matters and issues. Denial of consolidation, however, would inevitably lead to disorder bordering on chaos because "the burden to the parties, the witnesses, and the Court would be

---

[8] The Harrington Action is still assigned to District Judge Friedman.

significant if separate trials were conducted." *White*, 2008 WL 5273661, at *1.
Doing so would be a logistical nightmare for StockX, the Court and all plaintiffs.

Therefore, "[f]or the sake of efficiency, time, and resources, in this instance,
it is in the interest of judicial economy to consolidate" the Shakarchi Action, the
Harrington Action, and the Casey Action with the first-filed Chaudhri Action
pursuant to Federal Rule 42(a)(2). *Gamboa*, 381 F. Supp. 3d at 867; *accord In re
Delphi ERISA Litig.*, 230 F.R.D. at 498 (consolidating all companion cases into the
first-filed action and creating a master docket for the consolidated cases).

## **CONCLUSION**

For the foregoing reasons, Defendants StockX, Inc. and StockX LLC respectfully request that this Court enter an Order: (i) consolidating the Shakarchi Action (Case No. 2:19-cv-12761-VAR-EAS), the Harrington Action (Case No. 2:19-cv-13704-BAF-EAS), and the Casey Action (Case No. 2:20-cv-10077-VAR-DRG), with the first-filed Chaudhri Action (Case No. 2:19-cv-12441-VAR-EAS) pursuant to Fed. R. Civ. P. 42(a); (ii) creating a master docket for this litigation under the caption *In re StockX Customer Data Security Breach Litigation*; and (iii) granting any additional relief this Court deems necessary to effectuate the consolidation and/or transfer to this Court's master docket any subsequent actions filed against StockX that arise out of the 2019 Data Breach that forms the subject of this litigation.

Respectfully submitted,

*s/ Jeffrey B. Morganroth*
Jeffrey B. Morganroth (P41670)
Jeffrey M. Thomson (P72202)
MORGANROTH & MORGANROTH, PLLC
344 North Old Woodward Ave.
Suite 200
Birmingham, MI 48009
Tel: 248.864.4000
jmorganroth@morganrothlaw.com
jthomson@morganrothlaw.com

Kari M. Rollins
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone:  212.634.3077
Fax:  917.438.6173
krollins@sheppardmullin.com

David M. Poell
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
70 West Madison Street, 48th Floor
Chicago, IL 60602
Telephone: 312.499.6300
Fax: 312.499.6301
dpoell@sheppardmullin.com

*Counsel for Defendants*

Dated: January 24, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 24, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification of such filing to all counsel of record.

MORGANROTH & MORGANROTH, PLLC

By: <u>/s/ Jeffrey B. Morganroth</u>
Jeffrey B. Morganroth (P41670)
Counsel for Defendants
344 N. Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 864-4000
Email: jmorganroth@morganrothlaw.com

-11-

## <u>INDEX OF EXHIBITS</u>

**Exhibit**          **Description**

1.          True and correct copies of the Complaints in each of the Actions;

2.          Order Reassigning Shakarchi Action dated October 3, 2019; and

3.          Judicial Panel on Multidistrict Litigation Order dated December 18, 2019.